Scott, Plaintiff in error, vs. The State, Defendant in error.

*April 10—May 4, 1920.*

*Food: Cheese with surplus moisture content: Sale: Cheese in process of manufacture: Criminal law: Intent: Admission of defendant tantamount to a plea of guilty: Effect on errors at the trial.*

1. Where cheese manufactured for sale or exchange was sent from defendant's factory into the channels of trade for sale or exchange containing a larger percentage of moisture than that permitted by sub. (9), sec. 4601—4a, and sec. 4601—7, Stats., defendant was guilty of a violation of the statute, though it was sent from the factory contrary to his order and without his knowledge or consent, as the manufacturing process must be presumed completed, and no other intent than that of manufacturing for sale or exchange is required.

2. As long as the process of manufacturing cheese is not completed and there is no intent to offer to sell or exchange it in its then condition, there is no violation of the statute, though the cheese contains more than forty per cent. of moisture.

3. The admission of the defendant that cheese containing a larger percentage of moisture than that permitted by statute was sent from his factory into the channels of trade for sale or exchange amounted to a plea of guilty and rendered all errors complained of immaterial.

Error to review a judgment of the circuit court for Sheboygan county: Michael Kirwan, Circuit Judge. *Affirmed.*

Action for violation of sec. 4601—7, Stats. 1919, providing that

"Any firm or corporation who shall, by themselves, their servant or agent, and any person who shall, by himself, his servant or agent; or as the servant or agent of another person, or as the servant or agent of any firm or corporation, manufacture for sale or exchange, sell, exchange, offer for sale or exchange, or have in possession with intent to sell or exchange any cheese which contains more than the permitted amount of moisture as provided in subsection (9) of section 4601—4a of the statutes, shall be fined not less than twenty-five nor more than one hundred dollars, or be im-

prisoned in the county jail not less than thirty days nor more than four months."

The case was begun in justice's court, and upon conviction defendant appealed to the circuit court, where the jury found him guilty, and he was adjudged to pay a fine of $50 and costs. To review such judgment he sued out a writ of error.

*M. C. Mead* of Plymouth, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *Charles Voigt,* district attorney of Sheboygan county, and oral. argument by *Mr. J. F. Baker,* assistant attorney general, and *Mr. Voigt.*

VINJE, J. Defendant was convicted under sec. 4601—7, Stats. 1919, of manufacturing for sale and selling American cheese containing more than forty per cent. moisture, which is the maximum amount permitted by sub. (9) of sec. 4601—4a, Stats. 1919. He ran a cheese factory in Sheboygan county, and on June 13, 1919, the cheese in question was sent from his factory to a selling association in Plymouth known as the Federation, where a sample thereof was taken and analyzed and found to contain 41.19 per cent. moisture. Defendant upon the trial admitted that the cheese contained 41.19 per cent. moisture, but claimed that it was sent from the factory in violation of his order, and that was the issue that went to the jury,—the court instructing them that if they found it was sent from the factory contrary to defendant's order and without his knowledge or consent they should acquit him. This instruction was more favorable to defendant than the law permits. The admission that the cheese contained more than forty per cent. of moisture and was sent into the channels of trade was in effect a plea of guilty. So far as a manufacturer who puts into the channels of trade cheese with excess moisture is concerned, no question of intent, except that of manufacturing for sale or exchange, is involved. In the instant case there was no contention made that the cheese was not manu-

factured for sale or exchange. In such case the violation is complete when cheese containing an excess of moisture is put into the channels of trade or is offered for sale or exchange. Such manufacturer may also violate the law and subject himself to the prescribed penalty by having in his possession cheese having an excess of moisture with intent to sell or exchange the same in that condition if intent to sell in that condition is shown. But this is not such a case. Here cheese was sent from the factory into the channels of trade. When that is done by a manufacturer of cheese for sale or exchange, or when the cheese is offered for sale or exchange, the manufacturing process must conclusively be presumed to be completed, and the statute in such cases provides for proof of no other intent than that of manufacturing for sale or exchange, which was here both admitted and proven.

As long as the manufacturing process, by whatever means accomplished, is not completed and there is no intent or offer to sell or exchange the cheese in its then condition, there is no violation of the statute. For confessedly cheese in its initial stages of manufacture must contain more than the maximum amount of moisture permitted in the finished stage. The law concerns itself only with the quantity of moisture the cheese contains when it is held with intent to sell in its then condition, or when it is offered for sale or exchange or when it is actually sold, exchanged, or put into the channels of trade.

Since the defendant was a manufacturer of cheese for sale and since he admitted an excess of moisture in the cheese when it was sent from the factory into the channels of trade, no intent to violate the law need be proven to establish his liability. The admission of the amount of moisture in the cheese sent out for sale was tantamount to a plea of guilty and rendered all other errors complained of immaterial.

*By the Court.*—Judgment affirmed.