THE PEOPLE OF THE STATE OF NEW YORK, on Complaint of JOHN WEISENT, Respondent, v. GEORGE MISHKIN, VICTOR MISHKIN, HYMAN MORRIS and WILLIAM WEBER, Appellants.

Court of Special Sessions of City of New York, Appellate Part, Second Department, April 6, 1939.

*Walter R. Hart*, for the appellants.

*William C. Chanler, Corporation Counsel* [*Charles E. Ramsgate* of counsel], for the respondent.

BAYES, Ch. J.   Appeal by defendants from judgment rendered July 26, 1938; convicting the said defendants of the crime of violating section B36–23.0 of article 4 of title B of the Administrative Code of the City of New York.   The complaint against defendants George Mishkin and Victor Mishkin alleged: " That on the 2nd day of June, 1938, in the County of Kings, City and State of New York, the above named defendants, doing business as Mishkin Coal Co., did unlawfully sell and deliver 17,605 pounds of buckwheat coal to Dr. J. F. Simpson, at 400 South Fifth Street, Kings County, New York City, and represented said coal to weigh 20,000 pounds."

Defendants William Weber and Hyman Morris were similarly charged with a violation of said section, except that defendant Morris, the weighmaster, was also charged with fraudulently weighing a load of buckwheat coal for which he issued a delivery ticket for 20,000 pounds weight, whereas the coal actually weighed 17,605 pounds.

It was stipulated at the trial that inasmuch as the charges arose out of the same transaction the competent and admissible testimony should, so far as relevant, be applied to each case with the same force and effect as though the cases had been tried separately. At the conclusion of the trial the defendant William Weber was fined $100, or thirty days in the city prison, the defendant Hyman Morris was sentenced to thirty days in the workhouse and fined the sum of $500, the defendant George Mishkin was fined the sum of $500, or six months in the workhouse, and the defendant Victor Mishkin was fined the sum of $350, or four months in the workhouse.

The material provisions of the Administrative Code herein involved are as follows:

" § B36–23.0. Solid fuel to be sold by weight.— Solid fuel shall be sold by weight.   A person who shall sell or deliver, or attempt to sell or deliver, or offer to sell or deliver, or who shall start out for delivery, or cause to be started out for delivery, less than two thousand pounds by weight to the ton of solid fuel, or a proper

proportion thereof in quantities less than a ton, or shall knowingly deliver less solid fuel than the quantity he represents he is selling or delivering, shall be guilty of a violation of the provisions of this article and upon conviction thereof shall be punished by a fine of not more than five hundred dollars, or by imprisonment for not more than six months, or by both such fine and imprisonment, provided that in all such cases, thirty pounds to a ton may be considered as an allowance for wastage and variation in scales."

Section B36–56.0 provides:

" § B36–56.0. Penalty for fraudulent weighing or misrepresentation.— Any solid fuel dealer or any owner of any scales, or any of their agents or representatives, or any weighmaster who shall be concerned in any manner in any misrepresentation of any kind, grade or size of solid fuel or in any fraudulent weighing of solid fuel at such scales, or false entry of such weighings, shall be guilty of a violation of the provisions of this article and upon conviction thereof shall be punished by a fine of not more than five hundred dollars, or by imprisonment for not more than six months, or by both such fine and imprisonment."

The testimony of John Weisent, inspector of the department of markets, division of weights and measures, was that at about two-thirty p. m. on June 2, 1938, he observed a truck of the Mishkin Coal Company, which was owned by defendants George and Victor Mishkin, being driven by defendant William Weber from the Varick street yard; that he was accompanied by Eugene W. Gilmore, who likewise was an inspector in the said department of markets; that they followed the truck in an automobile to 400 South Fifth street, county of Kings, and observed painted on the right-hand side of the truck the words " 20,000 pounds;" that they continued to watch the truck and noticed that when it reached 400 South Fifth street, Kings county, the defendant Weber presented the delivery ticket to one Krevitsky, superintendent in charge; that at that point he and Inspector Gilmore approached and took the delivery ticket and were informed by the driver that there were ten tons of coal on the truck; that the delivery ticket number 46,680 called for the delivery of 20,000 pounds of buckwheat number one; that thereupon he mounted the truck and proceeded with the driver to a licensed scale for the purpose of weighing the coal; that Inspector Gilmore followed in his automobile, and while *en route* the truck was stopped by defendant George Mishkin; that the coal was weighed upon the licensed scale in the presence of defendant Hyman Morris, weighmaster of the Mishkin Coal Company, and found to weigh 17,605 pounds, whereupon the delivery ticket was returned to defendant William Weber, who made a notation of the correct weight thereon

and proceeded to deliver the coal at 400 South Fifth street in order that the check-up of the weight might be completed; that while he and Inspector Gilmore were conversing in front of said premises, the defendant Morris, to whom defendant Weber had delivered the ticket, disappeared, and the ticket could not be found; that after the coal was unloaded the ticket reappeared in the possession of the defendant Morris; that thereupon Inspectors Weisent and Gilmore examined the ticket and found it had been changed to read 17,000.

The testimony of Inspector Gilmore corroborated that of Inspector Weisent. It was brought out through Inspector Gilmore that the coal was weighed in the presence of defendant George Mishkin as well as of defendant Morris, weighmaster of the Mishkin Coal Company. He confirmed the testimony of Inspector Weisent respecting the disappearance of the ticket and the crossing out of the weight of 20,000 pounds and the substitution in place thereof of 17,000 pounds on the delivery ticket.

The defendant Hyman Morris, weighmaster, testified that, although the coal weighed 17,250 pounds, he issued the ticket for 17,000 pounds, although the actual weight, as later disclosed when the coal was weighed by Inspector Weisent on the licensed scale, was 17,605 pounds.

The testimony of Charles Marovitz, the crane operator, who loaded the coal from the barge onto the truck, was merely to the effect that when the truck of defendant William Weber was loaded there was no coal left on the barge. There is nothing in the testimony to establish the weight of the coal loaded onto the truck.

The witness Andrew Weber, called by defendants, testified that he was a chauffeur employed by the Mishkin Coal Company and that he was present at 400 South Fifth street when the truck driven by his brother, defendant William Weber, came along and that he observed the numerals on the side of the truck were 17,000. Since there is no dispute that the weight appearing on the side of the truck was 20,000 pounds, it seems likely that the witness confused the delivery ticket with the numerals on the side of the truck, since the delivery ticket had, according to the testimony of Inspectors Weisent and Gilmore, been changed by substituting 17,000 for 20,000.

The record contains testimony by Patsy Petrozziello and Ida Lerner, assistant bookkeepers of Mishkin Coal Company, together with a stipulation that if Doris Nowak were called she would testify that on the day in question she was employed by the Mishkin Coal Company as switchboard operator and that on that day she placed on the desk of Petrozziello defendant's Exhibit " A," the white delivery ticket bearing date June 2, 1938, reading 17,000 pounds

number one buck. price $6.50, amount $56.36, as "sold to Dr. J. F. Simpson, 400 South Fifth Street," and bearing signature of W. Weber as driver and H. Morris as licensed weighmaster, said white ticket being marked office copy; that said defendants' Exhibit " A " was placed on Petrozziello's desk before he returned from lunch and that thereafter, at a little after five P. M., at the direction of the defendant George Mishkin, she took the delivery ticket and other slips from the safe and handed them to defendant George Mishkin. The testimony of these witnesses in behalf of the defendants bears upon the principal dispute revolving around the delivery ticket. If the testimony of defendants' witnesses be accepted it would mean that the figures 20,000 were changed to 17,000 before the coal left the yard and that the inspectors were in error in their testimony to the effect that the said ticket bore the numerals 20,000 at the time they saw it in front of the premises where the coal was to be delivered.

The foregoing *résumé* reveals that the magistrate who heard the evidence and observed the witnesses had before him a question of fact which he resolved against the defendants in that he found each of them guilty beyond a reasonable doubt. From a careful examination of the record we see no reason for disturbing the finding of the magistrate upon the facts as presented by the testimony.

Defendants Mishkin and Weber argue that the complaint as against them is defective, the contention being that under section B36–23.0 (art. 4, tit. B, chap. 36) of the Administrative Code, the People failed to establish that the defendants *knowingly* delivered less solid fuel than the quantity represented as being sold or delivered. As to this, it seems that the said defendants did not give due weight to the alternative provisions of the section. If carefully read, it will be observed that a person may be guilty if found to deliver less than 2,000 pounds by weight to the ton of solid fuel *or* shall knowingly deliver less than the quantity he represents he is selling or delivering. The complaint charges that the defendants did " unlawfully sell and deliver," etc., and this, as it seems to us, is sufficient to sustain a charge under the first part of the section. Moreover, if we assume that it is essential in any event to establish that said defendants *knowingly* delivered less than the quantity represented, we are of the opinion that the testimony establishes beyond a reasonable doubt that the said defendants did in fact *knowingly* deliver less than the quantity represented.

As to the defendant Weber it is argued that there is no proof that he delivered a quantity less than represented. The language of the section, however, is sufficient to cover an attempt to sell or deliver or offer to sell or deliver or start out to deliver solid fuel less than 2,000 pounds by weight to the ton.

In behalf of the defendants George and Victor Mishkin it is urged that since knowledge is an essential element of proof, the offense is not *malum prohibitum*. Here, again, we suggest that a careful reading of said section B36–23.0 indicates that guilt may be predicated upon a sale or delivery or attempt to sell or deliver or an offer to sell or deliver or starting out for delivery or causing to be started out for delivery less than 2,000 pounds by weight to the ton of solid fuel.

In behalf of defendant Morris it is argued that his guilt was not established beyond a reasonable doubt. A mere reading of his testimony indicates clearly that he did in fact have guilty knowledge, and the court was justified in imposing upon him a more severe sentence by reason of the fact that he was a licensed weighmaster.

If the acts specified in the section herein involved are regarded as *mala prohibita*, intent or knowledge is not an element of proof. (See *Davis* v. *Bemis*, 40 N. Y. 453; *People* v. *West*, 106 id. 293; *Tenement House Department* v. *McDevitt*, 215 id. 160; *People ex rel. Price* v. *Sheffield Farms Co.*, 225 id. 25.)

Upon examination of the entire record, we are of the opinion that the defendants received a fair trial and there are no errors of fact or law. Accordingly, the judgments as applied to each of the respective defendants should be affirmed.

All concur. Present — BAYES, Ch. J., SALOMON and KOZICKE, JJ.