The People of the State of New York, Respondent, *v.* J. T. Reynolds Corporation, Appellant.

Court of Special Sessions of City of New York, Appellate Part, Second Department, February 28, 1942.

*Marcus J. Friedman* [*Charles Belous* of counsel], for the appellant.

*William C. Chanler, Corporation Counsel* [*Irving Galt* of counsel], for the respondent.

PER CURIAM. Appeal by defendant from judgment rendered September 10, 1941, in the Municipal Term, Part 2, of the Magistrates' Court, City of New York, Brooklyn, convicting it of a violation of section B36–23.0 of the Administrative Code of the City of New York and imposing a fine of seventy-five dollars.

The complaint charged that " * * * on the 16th day of July, 1941 * * * J. T. Reynolds Corporation, a domestic corporation licensed to do business as a coal dealer in the City of New York, did unlawfully sell and deliver to a purchaser at premises 421 Grand Avenue, this county [Kings] a quantity of solid fuel to wit: fourteen thousand (14,000) pounds of egg coal and represented said quantity of coal to weigh sixteen thousand (16,000) pounds in violation of Title B, Article 4, Section B36–23.0 of the Administrative Code * * *."

Said section B36–23.0 reads as follows:

" B36–23.0. Solid fuel to be sold by weight.— Solid fuel shall be sold by weight. A person who shall sell or deliver, or attempt to sell or deliver, or offer to sell or deliver, or who shall start out for delivery, or cause to be started out for delivery, less than two thousand pounds by weight to the ton of solid fuel, or a proper proportion thereof in quantities less than a ton, or shall knowingly deliver less solid fuel than the quantity he represents he is selling or delivering, shall be guilty of a violation of the provisions of this article and upon conviction thereof shall be punished by a fine of not more than five hundred dollars, or by imprisonment for not more than six months, or by both such fine and imprisonment, provided that in all such cases, thirty pounds to a ton may be considered as an allowance for wastage and variation in scales."

An inspector of the department of markets, bureau of weights and measures, testified that at about eleven-forty-five A. M. on July 16, 1941, he observed one of defendant's trucks being weighed at the coal yard of A. R. Fuels, Inc., 157 Varick avenue, Brooklyn; that after weighing, the weighmaster certified that there were 16,000 pounds of egg coal and 2,000 pounds of pea coal on the truck; that the coal had just been purchased from A. R. Fuels, Inc.; that this coal was in addition to one ton of nut coal which was in the

truck at the time of weighing and that the truck was operated by one Albert Davis. Thereafter the inspector ascertained that instead of delivering 18,000 pounds of coal at 421 Grand avenue, Davis delivered 14,000 pounds of egg coal and 2,000 pounds of pea coal, so that the customer, W. Scott, at 421 Grand avenue, was left short 2,000 pounds, or one ton of egg coal. Thereupon the inspector had a conversation with Davis in reference to the 2,000 pounds of egg coal remaining on the truck for which there was no delivery ticket. It is clear from the record that Davis falsely stated to the inspector that the ton of egg coal had been left on the truck from the previous day.

Irwin Kasten, an officer of defendant corporation, testified that said corporation had been in business as a licensed coal dealer for the past six years; that on July 16, 1941, he gave Davis, an employee of one Wissenewski, from whom defendant hired the delivery truck, a ticket to purchase nine tons of coal at the A. R. yard and deliver same to 421 Grand avenue, Brooklyn, and also to deliver one ton of nut coal already on the truck to 413 Linwood street; that at about two P. M. on that day he received a telephone call from Davis who informed him an inspector had stopped the truck and that he had an extra ton of egg coal which he had taken for himself; that thereupon he met Davis and the inspector at the Linwood street address and told the inspector that the one ton of nut coal should be delivered to Linwood street and that Davis was evidently trying to use the ton of egg coal for himself. He further testified that he did not authorize Davis to retain the ton of egg coal and that he had no knowledge that one ton of egg coal was to be left on the truck after the delivery at Grand street. The record further discloses that Davis or his employer Wissenewski, from whom defendant hired the delivery truck, was to receive one dollar per ton for each ton of coal delivered for defendant, and that this represented the prevailing rate for delivery by all coal companies in Brooklyn and Queens.

Upon inspection of section B36–23.0 of the Administrative Code, it will be noted that it falls into two parts, the first of which deals with a person selling or delivering or offering to sell or deliver or starting out to deliver or causing to be started out for delivery, less than 2,000 pounds by weight to the ton of solid fuel. The alternative or second part is concerned with the person who *knowingly* delivers less than the quantity he represents he is selling or delivering. The People contend that since less than 2,000 pounds of coal to the ton was sold and delivered, the conviction should be sustained under the first part of said section; that the act being *malum prohibitum* the question of defendant's guilty knowledge

need not be inquired into. Defendant on the other hand urges that the statute was not intended to subject a person to the prescribed penalty where the agent acted contrary to directions and without the knowledge or authorization of such person.

The delivery of eight tons instead of nine tons of coal was the act of the driver of the coal truck, an employee of an independent truckman. The evidence clearly establishes the fact that he failed to make full delivery so that he might convert the retained part to his own use. The defendant in fact actually sold, attempted and offered to sell and deliver, started out for delivery and caused to be started out for delivery, nine tons of coal as ordered by the purchaser. We cannot say that under these circumstances the delivery of a lesser quantity is a delivery for which the defendant can be held responsible under the first part of section B36–23.0, thereby ignoring completely the provisions of the second part of said section which require knowledge upon the part of the defendant of a delivery of a lesser amount of fuel than the quantity he represents he is selling or delivering. There is not the slightest evidence in the case indicating that the defendant had such knowledge; on the contrary, through one of its officers it immediately repudiated the reprehensible act of the driver. In our view, the second part of said section is applicable to the particular facts appearing herein; consequently the judgment of conviction cannot be sustained.

This same section of the Administrative Code was before this court in *People* v. *Mishkin* (170 Misc. 889; affd., 281 N. Y. 765). That case is to be distinguished upon the ground that this court was of the opinion the magistrate might properly find from the evidence the defendants " knowingly " delivered less than the quantity represented. Moreover, the defendants in that case were making their own deliveries with their own trucks and employees, under circumstances warranting their conviction under either the first or second part of said section.

It may be argued that this statute is not so clear as it might be. However, the construction we have applied herein leaves it open to predicate a defendant's guilt upon either or both parts of the statute depending upon the facts.

Accordingly the judgment should be reversed and the complaint dismissed.

BAYES, P. J., DeLuca and FLOOD, JJ., concur.