Town of Blooming Grove, Plaintiff, *v.* "Richard" S. Clark et al., Copartners Doing Business under the Name of R. S. Clark & Son, Defendants.

Supreme Court, Special Term, Westchester County, March 21, 1949.

*George B. Overhiser,* and *Daniel Becker* for plaintiff.

*Charles W. Jenkins* and *Henry Hirschberg* for defendants.

FLANNERY, J. Plaintiff's motion to strike out the first affirmative defense in paragraph " Second " of the answer will be granted. The court does not find convincing the dictum at page 649 in *Matter of Wilson* v. *Board of Supervisors of Co. of Oneida* (152 Misc. 645) that a duty on towns to " post " bridges on town roads is implicit in section 232 (formerly § 250) of the Highway Law. Nor is the dictum supported by anything in the case it cites, *People ex rel. Root* v. *Board of Supervisors of Co. of Steuben* (146 N. Y. 107). Subdivision 17 of section 14 of Vehicle and Traffic Law expressly requires the State Superintendent of Public Works to post bridges under his jurisdiction and then casts on " the authority having jurisdiction " the duty to post " all other bridges ". For a town bridge, this is the town superintendent of highways (Highway Law, § 140, subd. 1). He erects guide boards (Highway Law, § 154). He limits speed on a bridge (Highway Law, § 156). He posts bridges condemned (Highway Law, § 231, subd. 2) or adjudged safe only for restricted loads (Highway Law, § 231, subds. 3, 5, 7). He is " the authority having jurisdiction " of town bridges to which subdivision 17 of section 14 of the Vehicle and Traffic Law refers.

Submit order.