THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CLIFFORD EDWARD VADAKIN, Appellant.

County Court, Columbia County, October 28, 1953.

*Burns F. Barford, Jr.,* for appellant.

*John N. McLaren, District Attorney,* for respondent.

CONNOR, J. This defendant was convicted before Justice of the Peace KELLER of the Town of Kinderhook on the 25th day of April, 1953, for violating subdivision 8 of section 14 of the Vehicle and Traffic Law and was fined the sum of $100.

This conviction must be set aside for two reasons. The proof as to the weight of the vehicle was introduced over the objection of the defendant that the proper foundation for its proof had not been laid in that there was no proof that the scales upon which the vehicle was weighed were accurate. There is no presumption that the scales of the State of New York are accurate, and where an objection is made that the proper foundation has not been laid, it is incumbent upon the State, as it should be upon any individual, to first establish the accuracy of its scales.

Moreover, this subdivision of the statute is in my opinion unconstitutional in that it violates the due process clause of the State Constitution (art. I, § 6) in that it deprives a man of his livelihood without due process of law. A defendant charged with the violation of this section, as in the case at bar, can be convicted of a crime which he does not know that he committed, and which it is impossible for him to ascertain whether or not he is committing. The driver of this vehicle did not load the truck and it would be impossible for him to check the weight of the truck. Especially would it be impossible for him to check the weight upon each of the wheels and the drive wheels of his tractor. The driver-employee of the truck herein received from his employer a bill of lading specifying the weight of the load on the truck. That weight was within the limits of the load for the type of vehicle he was driving. When this has been done, he has done everything humanly possible for him to do in order to comply with the law. Yet, if it so turns out that the vehicle delivered to him by his employer exceeds the limits allowed by law, he may be found guilty of violating the section and upon several convictions he is subject to having his license to drive a vehicle taken from him and thus has been deprived of his opportunity to earn a living, all of which can occur without his knowingly having violated any statute of the State.

I therefore hold that insofar as the statute applies to persons who unknowingly violate this section, it is unconstitutional.