THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HENRY ELAIR RODENBACH and FREDERICK GEORGE FACER, Appellants.

County Court, Erie County, November 24, 1953.

*Millard J. Noonan* for appellants.

*John F. Dwyer, District Attorney (F. William Tesseyman* of counsel), for respondent.

LATONA, J. This is an appeal from judgments rendered by Hon. MYRON F. BLACKMON, Justice of the Peace, for the Town of Lancaster, Erie County, New York, adjudging both defendants guilty of violating subdivision 8 of section 14 of article 3 of the Vehicle and Traffic Law of the State of New York. Both defendants have appealed to this court.

The information against appellant Rodenbach states a violation of said law in that he operated a certain truck upon the public highway which was overloaded on the rear axle by 4,330 pounds; and, the information against appellant Facer states a similar violation of said law in that the vehicle operated by him was overloaded on the rear axle by 5,900 pounds.

The record on appeal supports both informations establishing the violations of both appellants as having taken place on the 1st day of June, 1953, on public highway Route No. 33 in the town of Lancaster, New York. The scales used were of a proper and recognized type and they were aligned each morning before they were used and were aligned before they were used herein.

The appellants contend that subdivision 8 of section 14 of the Vehicle and Traffic Law is unconstitutional; that the scales used were not properly established as proper or accurate scales; that the distribution of the load on the truck may shift, thereby changing the weight at the time of weighing; that the appellants did not have knowledge of their violation of this law.

In 1918, the Legislature of the State of New York enacted the first " weight " law. Chapter 533 prohibited the operation of an auto truck or trailer having a combined gross weight of more than 25,000 pounds (L. 1918, ch. 533). An amendment of major importance was the substitution of a new section 14, relating to the dimensions and weights of vehicles, by chapter 254 of the Laws of 1931. This section, which has remained basically unchanged to the present time (except for subd. 3 as amd. by L. 1953, ch. 600) modernized the existing rules and introduced the so-called " bridge formula " as the basis for computing the maximum allowable weights for certain vehicles or combination of vehicles.

Section 14 of the Vehicle and Traffic Law provides, in part, as follows: " No person shall operate or move, or cause or knowingly permit to be operated or moved on any highway or bridge thereon, in any county not wholly included within a city, any vehicle or combination of vehicles of a size or weight exceeding the limitations provided for in this section. * * * 8. The weight on any one axle of a single vehicle or a combination of vehicles, equipped with pneumatic tires, when loaded, shall be not more than twenty-two thousand four hundred pounds."

This general subject has been considered in written opinions by various courts of this State, as well as the District Court of the United States. None of the reported cases which has cited section 14 of the Vehicle and Traffic Law has declared it unconstitutional, except *People* v. *Vadakin* (204 Misc. 904), which will be hereinafter considered.

When the Court of Appeals of this State first considered section 282-a of the Highway Law (now Vehicle and Traffic Law, § 14), it held that it had exclusive precedence over a village ordinance covering the same subject matter. (*People* v. *Bedell,* 251 N. Y. 415–416.) Later when construing the meaning of " motor vehicles " the same court referred to section 14 of the Vehicle and Traffic Law, but did not specifically discuss subdivision 8 thereof. (*Hennessy* v. *Walker,* 279 N. Y. 94.)

(NOTE: In the year following the last-mentioned decision of the Court of Appeals, the Legislature enacted Vehicle and Traffic Law, § 59-a, L. 1939, ch. 472, eff. May 19, 1939, remedying the situation.)

The Court of Appeals also mentioned subdivision 2 of section 14 of the Vehicle and Traffic Law, in passing (*Cross* v. *Town of Harmony,* 285 N. Y. 656, 657) and also construed the wording of subdivision 17 of this same section. (*New York Central R. R. Co.* v. *Pender,* 303 N. Y. 651, 652.) At no time,

however, did the Court of Appeals question the constitutionality of this section, or any of its subdivisions.

The Appellate Division of the Supreme Court has mentioned this section in three reported cases. In the first case, discussing the maximum weights which may be carried by motor vehicles on a highway, the court said: " * * * we think the general legislative purpose is clear that all persons are forbidden to cause unnecessary injury or destruction to an improved highway. In other words, there is no absolute right on the part of any person to use the highways in an unreasonable manner, so that life may be endangered or the highway may be injured and rendered impassable." (*Town of Waterford* v. *Brockett Lumber Co.,* 227 App. Div. 422, 425.)

The Appellate Division mentioned this section in reference to the length and width of a bus (*Judson* v. *Fielding,* 227 App. Div. 430, 432, affd. 253 N. Y. 596); also, subdivision 1 of this section was mentioned as bearing on the question of negligence. (*Conant* v. *Bradley,* 281 App. Div. 732.)

The lower courts of the State of New York, also, have considered this section 14 of the Vehicle and Traffic Law. The intent and spirit of the statute as it concerned the meaning of the word " operation " was explained (*Hand* v. *Fraser,* 139 Misc. 446, 449, affd. 233 App. Div. 800); subdivision 17 of section 14 of the Vehicle and Traffic Law was interpreted (*Matter of Wilson* v. *Board of Supervisors, Oneida Co.,* 152 Misc. 645, 648; *Town of Blooming Grove* v. *Clark,* 194 Misc. 684, 685), and the application of this section to the public highways by the Legislature was considered (*People* v. *Taylor,* 202 Misc. 265, 268).

Finally, the Federal District Court said of section 14 of the Vehicle and Traffic Law: " It is obvious that the rationale of these provisions of the New York Vehicle Laws are to preserve the state highways from damage by traffic too heavy for their surfaces. It is equally obvious that if, after weighing, a truck is found to be overloaded, it should not be allowed to continue its journey in its overloaded condition, for to allow it to proceed would mean risk of further highway damage and a continuing breach of the law by its driver." (*United States* v. *Goble,* 44 F. 2d 224; the court was also considering section 16 of the Vehicle and Traffic Law which was repealed in 1931.)

In 1951, the Legislature of the State of New York added article 21, entitled " HIGHWAY USE TAX " to the Tax Law. (L. 1951, ch. 74, § 2, eff. Oct. 1, 1951.)

Section 502 of the Tax Law (a part of art. 21), entitled "Highway use permit" provides, in part, as follows: "Nothing herein contained shall be construed as authorizing motor vehicle weight limits in excess of those permitted by the vehicle and traffic law."

In *Mid-States Frgt. Lines* v. *Bates* (304 N. Y. 788, same case 345 U. S. 908), it is stated (p. 788): "Questions under the Federal Constitution were presented and passed upon by the Court of Appeals, viz., whether article 21 of the Tax Law of the State of New York, as construed by the Tax Commission, is repugnant to the interstate commerce provision of section 8 of article I of the Federal Constitution, or to the Fourteenth Amendment of the Federal Constitution. The Court of Appeals held that the aforesaid statute as so construed is not repugnant to the interstate commerce provision or to the Fourteenth Amendment of the Federal Constitution."

The Court of Appeals in the State of New York has generally adhered to the principle stated in *People* v. *Gillson* (109 N. Y. 389), where PECKHAM, J., speaking for the court, said (pp. 397–398): "It has been frequently held, and is acknowledged by all courts as the undoubted and true rule, that a statutory enactment will not be declared unconstitutional, and therefore void, unless a clear and substantial conflict exists between it and the Constitution. It has been further held that every presumption is in favor of the constitutionality of legislative acts; that the case must be practically free from doubt before an act of the legislature should be declared unconstitutional; that as to our state Constitution the question whether a statute is a valid exercise of legislative power is to be determined solely by reference to constitutional restraints and prohibitions; that it may not be declared void because a court may deem it opposed to natural justice and equity; that all property is held subject to the general police power of the state to so regulate and control its use in a proper case as to secure the general safety and the public welfare." Followed: *People ex rel. Stepski* v. *Harford* (286 N. Y. 477, 480).

The mere payment of registration fees pursuant to section 11 of the Vehicle and Traffic Law, or the payment of a highway use tax pursuant to article 21 of the Tax Law, has no effect whatsoever upon the provisions of section 14 of the Vehicle and Traffic Law. This appears too clear for further comment.

The distribution of a load on a vehicle, or the knowledge or lack of knowledge of the accuracy of scales on the part of the operator of said vehicle, are questions of fact and not of law.

The case of *People* v. *Vadakin* (204 Misc. 904), decided by the County Court of the County of Columbia, has come to the attention of this court, in which the learned Judge of that County, decided on October 28, 1953, that subdivision 8 of section 14 of article 3 of the Vehicle and Traffic Law was unconstitutional. No legal authorities were cited by the County Court of Columbia County, whatsoever. The reasoning of that court was persuasive but not binding upon this court.

The conclusion of unconstitutionality is deemed unwarranted in any event.

The so-called " bridge formula " has been in the statute books of this State since 1931, in its present form, or, a period of about twenty-two years. The original " weight law " was enacted in 1918, or about thirty-five years ago. The appellate courts, including the highest court in the State, have all passed upon these statutes in many varied forms as indicated herein. There seems no compelling or persuasive reason for singling out one subdivision or part of this theory of the law to declare it unconstitutional.

The inconvenience to the owners and operators of vehicles on the public highways of this State will be more than offset by the benefits to the public generally and specifically to these same persons.

The operators will have lighter, and, therefore safer loads to transport. This not only will save and protect the public highways, thereby making them safer for the travelling public, but will also contribute materially to the safer operation of vehicles transporting loads in this State.

In the last analysis, the question of constitutionality is best left to the higher, appellate courts, where, it is hoped that this case will be taken for more authoritative judgment.

Judgments affirmed.

Prepare and submit judgments accordingly.