James D. Hopkins, J.
The defendant appeals from a judgment of conviction for a violation of subdivision 10 of section 14 of the Vehicle and Traffic Law (operating a truck having a weight in excess of the statutory limits). Two questions are raised by the defendant: (1) the competency of the proof as to the accuracy of the scales used in the measuring the weight; and (2) the lack of knowledge on the part of the defendant, the operator of the truck, as to the weight of the load carried.
*8 At the trial the prosecution produced evidence that the weight of the truck was 65,310 pounds at the time of the alleged offense, as against the allowable limit of 48,450 pounds for the size of the truck, thus indicating an overload of 16,800 pounds, or nearly 35%. Subdivision 10 of section 14 of the Vehicle and Traffic Law, it must be noted, prescribes that in no event shall the total weight of a vehicle exceed 65,000 pounds. The measuring devices used by the prosecution were portable scales, known as loadometers, and readings were taken from the two scales while the axles of the vehicles were weighed. No objection is made by the defendant to the type of device used, or the method followed in ascertaining the weight.
The defendant urges, instead, that the proof of the readings was incompetent, because no proper evidence of the accuracy of the scales on the day of the offense was offered. The evidence of the prosecution so challenged consisted of testimony of an Inspector of Weights and Measures of the Department of Agriculture and Markets of the State of New York, who previously had been City Sealer of the City of Port Jervis for 13 years. The inspector testified that he had tested the scales on April 15, 1957, or three and a half months prior to the day in question, by a stationary scale, which itself had been tested for accuracy immediately prior to the test of the portable scales, and that the portable scales were accurate within a tolerance of 3%. The defendant urges that the proof of accuracy is too remote, and that damage might have occurred to the scales in the intervening period between the date of the test and the date of the weighing of the truck, which would affect the accuracy of the scales.
Undoubtedly, the burden rests on the prosecution to establish the accuracy of the readings of any scientific device used to prove an essential fact constituting an element of a crime (People v. Heyser, 2 N Y 2d 390). In People v. Heyser (supra), however, there was absent any proof of accuracy of the speedometer there involved, and a distinction must be drawn between the failure to adduce any proof as to accuracy of a scientific device, and proof offered as to accuracy which is attacked as insufficient. In both People v. Du Shane (125 N. Y. S. 2d 9) and People v. Vadakin (204 Misc. 904) there was no evidence of accuracy offered at the trial.
Manifestly, it would be impractical, if not impossible, to maintain under a constant, day by day, test the correctness of any measuring device. Many instruments in daily use, such as watches, thermometers, and personal scales, are taken for granted, and as Wigmore says: “ Only when a disputed issue *9 turns upon minute accuracy would their correctness need to be verified” (Wigmore, Science of Judicial Proof [3d ed.], § 220, p. 450). The question of the qualifications of the expert and the sufficiency of the evidence which he introduces by his testimony must be determined by the trial court, after a consideration of all the circumstances (Slocovich v. Orient Mut. Ins. Co., 108 N. Y. 56; see 3 Ford, Evidence, § 264, p. 1603).
True it is that problems of remoteness of the test have been reviewed by the appellate courts, and convictions set aside where the date of testing has been' conceived to be too far distant from the date of the claimed offense. In People v. Dasi this court reversed a conviction where the scales had not been tested within a year of the alleged violation (14 Misc 2d 774 [Hugh S. Coyle, J.]), and in People v. Marotta (5 Misc 2d 947 [April 2, 1957, Harold T. Garrity, J.]) this court reversed a conviction where 10 months had elapsed since the test of accuracy of the scales. If, too, there has been found an imperfect technique used in the making of the test, such as in the chemical test for intoxication, this court has not hesitated to set aside a conviction (cf. People v. Ward, 14 Misc 2d 518).
The appellate, court, in considering the question of remoteness of test as to the accuracy of a measuring instrument, should apply a rule of reason. Here the overload was nearly 35% above the allowable limit, and there was no evidence of a damage to the scales, or that they were grossly inaccurate, as indeed they would have had to be, in view of the readings. No inflexible and invariable rule as to remoteness in time to bar the use of scales can be invoked in the prosecutions for overloading of trucks. The action of the trial court in accepting the evidence of. the scales will therefore not be disturbed on the facts appearing in the record.
There remains the question of the failure on the part of the prosecution to prove knowledge of the overload on the part of the defendant, the operator but not the owner of the truck. Section 14 prohibits any person to “ operate or move, or cause or knowingly permit to be operated or moved * * * any vehicle * * * of a size or weight” in excess of its limitations. It is fair construction of the verbiage of the statute that the operation of an overloaded vehicle is a malum prohibitum, not requiring a specific intent or knowledge (Hornstein v. Paramount Pictures, 37 N. Y. S. 2d 404, affd. 266 App. Div. 659, affd. 292 N. Y. 468; People v. Mishkin, 170 Misc. 889, affd. 281 N. Y. 765). The proof of knowledge seems plainly to be required only in the case of an owner or employer not operating the vehicle. This construction of the statute is confirmed by *10 People v. Rodenbach (204 Misc. 905, affd. 307 N. Y. 614), where the view that knowledge of the operator must be shown was advanced to the Court of Appeals, and the conviction of the operator was nevertheless sustained.
The judgment below is consequently affirmed. Submit order on notice.