CITY OF WEST ALLIS, Respondent, v. MEGNA, Appellant.

*February 1—March 2, 1965.*

546

For the appellant there was a brief by *Posner & Rubin* of Milwaukee, and oral argument by *Alexander N. Rubin.*

For the respondent there was a brief and oral argument by *William T. Schmid,* city attorney.

WILKIE, J.   The sole issue presented on this appeal is whether appellant, after relying on a false identification card, can be convicted under sec. 9.02 (20) (c) of the West Allis Municipal Code for permitting a minor to enter and remain on the tavern premises.

Sec. 9.02 (20) (c) is modeled after sec. 176.32 (1) of the Wisconsin statutes, and provides, with exceptions not relevant here, that no keeper of a tavern, such as the one appellant operates, shall:

". . . either directly or indirectly suffer or permit any person of either sex under the age of 21 years, . . . to enter or be on such licensed premises for any purpose, . . ."

Appellant did not know Miss Dalzin and it was undisputed that she appeared to be at least twenty-one years old. The identification card was in the legally prescribed form [1] and thus was the only certification of age which appellant could accept from a Wisconsin resident. Appellant contends that, in the absence of actual knowledge and when the potential patron could reasonably pass for twenty-one, he has exhausted his legal obligation to ascertain the patron's age once he has complied with sec. 66.057 (1), Stats.,[2] by de-

---

[1] Sec. 66.057 (2), Stats.

[2] "66.057 TAVERN-KEEPER SHALL REQUIRE PROOF OF AGE. (1) Any person in . . . [a tavern such as appellant's] shall, upon demand of the person in charge of such premises or of any law enforcement officer show a certificate-card issued by the register of deeds of any county or the clerk of the city, village or town of his residence or election commission thereof, stating the date of his birth and other matters as provided in sub. (2), or be regarded . . . [as being under age]."

manding to see and inspecting the state-prescribed form of identification card. Appellant submits that otherwise a tavernkeeper becomes a guarantor of all the information recited in the identification card, and that this is inequitable.

Appellant's first obligation was to demand proof of age from Miss Dalzin when she came into the tavern on March 15, 1964. In failing to do this, appellant did not fulfil the requirements of sec. 66.057 (1), Stats. Had he inquired, he would have discovered that Miss Dalzin was not carrying an identification card. According to the express terms of sec. 66.057 (1), appellant would thus have had to regard her as being under age.

In any event, the fact that appellant neglected to ask for proof of age is not determinative of this appeal. Even if appellant had made proper demand from Miss Dalzin and then had relied on the bogus card, he could nonetheless have been prosecuted since both sec. 9.02 (20) (c) of the West Allis Code and sec. 176.32 (1), of the Wisconsin statutes, impose strict liability on tavernkeepers for permitting minors to be on the premises. It is true, as appellant contends, that this in effect makes a tavern operator an insurer of the facts contained in the certificate of age. But this is a price that the operator pays for the privilege of becoming licensed. As the able trial judge summed it up:

"I am satisfied that this man was misled, but I can find no justification for it. He just—when you are in that type of business you have to assume it."

Proof of knowledge on the part of the tavernkeeper that the patron is actually under age is not required by the statute in order to obtain a conviction. That the tavernkeeper allowed the minor to remain on the premises in good-faith reliance on her false credentials is no defense. The purpose of

the statute is simply "to keep minors as patrons or customers out of taverns." [3]

Appellant points to the fact that sec. 66.057 (3), Stats., permits nonresidents of the state, who would be unable to obtain the ordinary state certificate card, to sign a "statement of age" in order to gain access to a tavern, and that sec. 66.057 (5) then allows the tavern operator to use this statement as a defense in any criminal prosecution if it should turn out that the person signing the statement was actually under age. This difference from the statutory rules governing resident minors is a problem for the legislature and the courts cannot intervene.

*By the Court.*—Judgment affirmed.

---

[3] *State v. Wrobel* (1964), 24 Wis. (2d) 270, 274, 128 N. W. (2d) 629.