MARY LIEDTKE, District Attorney Price County
Your predecessor asked:
 Is it necessary that the Court make a finding that the defendant must know, or in the exercise of ordinary care should have known, that he collided with an unattended vehicle in order to get a conviction under Section 346.68?
That section reads:
 DUTY UPON STRIKING UNATTENDED VEHICLE. The operator of any vehicle which collides with any vehicle which is unattended shall immediately stop and shall then and there either locate and notify the operator or owner of such vehicle of the name and address of the operator and owner of the vehicle striking the unattended vehicle or shall leave in a conspicuous place in the vehicle struck, a written notice giving the name and address of the operator and of the owner of the vehicle doing the striking and a statement of the circumstances thereof.
In accordance with the following authorities, the answer is no. In order to obtain a conviction under sec. 346.68, Stats., proof of the *Page 275 
driver's knowledge that he or she collided with an unattended vehicle is not required.
On November 9, 1978, I issued 67 Op. Att'y Gen. 265 (1978). The opinion reads in part:
 Although "the element of scienter is the rule rather than the exception in our criminal jurisprudence," State v. Alfonsi, 33 Wis.2d 469, 476, 147 N.W.2d 550
(1967), "[a] legislature may create a crime which requires no specific intent," State v. Gould, 56 Wis.2d 808, 810, 202 N.W.2d 903 (1973). In fact, the Wisconsin Supreme Court "has long recognized the existence of and, as a general matter, the propriety of legislative definitions of crime that omit any element respecting mental state beyond the requirement that the accused intended to do the act which is made a crime." State v. Collova, 79 Wis.2d 473, 480, 255 N.W.2d 581 (1977). "Wisconsin has abolished all common-law crimes, and the element of intent of the statutory crimes is only necessary when specified by statute." Flowers v. State, 43 Wis.2d 352, 360, 168 N.W.2d 843 (1969).
 In State v. Dried Milk Products Co-op., 16 Wis.2d 357, 114 N.W.2d 413 (1962), the supreme court upheld the constitutionality of sec. 348.15 (2)(c), Stats., which imposed a $400 fine on the corporate owner of a truck which had been loaded in excess of axle weight limitations, in spite of the absence of any actual knowledge of the violation on the owner's part. The court described the purpose of such enactments as being the enforcement of a high standard of care:
 "This section is part of a welfare statute which generally creates a crime malum prohibitum for the doing of an act without requirement of intent.
. . . .
 "These statutes are examples of situations where a person must at his peril see to it that the regulations are not violated by his acts or by the acts of another acting in his behalf." Id., 16 Wis.2d at 359, 362-363.
 See also, West Allis v. Megna, 26 Wis.2d 545, 548, 133 N.W.2d 252 (1965), where the court held proof of knowledge on the part of a tavern keeper that a patron is actually under age *Page 276 
is not required in order to obtain a conviction under sec. 176.32 (1), Stats. That statute imposes "strict liability on tavern keepers for permitting minors to be on the premises," and subjects violators to fine or imprisonment. Id., 26 Wis.2d at 548.
67 Op. Att'y Gen. at 271.
The opinion relied largely on State v. Collova, 79 Wis.2d 473:
 The problem is determining where the legislature intended to draw the line between offenses which do and do not require scienter. Liability without fault has been applied in Wisconsin, as the above cited cases demonstrate, in "regulatory criminal statutes." The complex industrial state of the 20th century has generated increased social regulation and has adapted the criminal law, originally designed to punish the culpable individual, to enforce obedience to regulatory statutes. These regulatory statutes are concerned primarily with the protection of social and public interests, with the prevention of direct and widespread social injury. They are more concerned with the injurious conduct than with the question of individual guilt or moral culpability. The penalties imposed are generally light. The usual rationale for strict liability statutes is that the public interest is so great as to warrant the imposition of an absolute standard of care — the defendant can have no excuse for disobeying the law. Because of the multitude of cases arising under these regulatory statutes, there is a need for quick, simple trials unhindered by examinations of the subjective intent of each defendant.
79 Wis.2d at 482.
It is further stated in Collova, supra, 79 Wis.2d at 485: "[W]here the statute is not explicit, one of the principle indexes courts consider on the question whether some element of knowledge is required is the severity of the penalty involved."
The penalties involved in violation of sec. 346.68, Stats., are forfeitures of only $20 to $40 for a first offense. Sec. 346.74, Stats.
Under sec. 346.68, Stats., the elements of the offense are striking an unattended vehicle and leaving the scene of the collision without an attempt to locate the owner or operator and without leaving a message containing pertinent information. To require proof of knowledge would defeat the purpose of the statute which is to impose an *Page 277 
absolute standard of care in the interest of the driving public. The administration of the court system is also served by such a determination since the type of offense here is particularly subject to assertions of lack of knowledge which cannot be tested by the state, e.g., "I didn't feel anything," "I didn't hear anything — my radio must have been on," etc. A requirement of knowledge would effectively emasculate the statute.
Thus, I conclude that knowledge need not be proved as an element in the violation of sec. 346.68, Stats.
BCL:BL