## Commonwealth v. Zych

*J. Craig Cox,* for Commonwealth.
*Peter E. Horney,* for defendant.

CAIAZZA, *J.,* May 26, 1982 — The facts in this case are these. On October 1, 1981, Trooper Clair T. Damon, Jr., of the Pennsylvania State Police stopped a truck operated by the defendant, Frank Zych, and cited him for violating the Act of June 18, 1980, P.L. 229, 75 Pa.C.S.A. §4902 et seq. Zych's vehicle, weighed by an enforcement agent for the Department of Transportation, was found overweight and a fine was assessed against him by a district magistrate in the amount of $4,950. An appeal was timely taken to this court.

The testimony elicited at the hearing substantiated compliance with that portion of the act requiring the erection of signs at each end of the restricted highway; however, the evidence did not set out sufficient evidence of any advance informational sign, which, at most, appears in the nature of a suggestion of a non-compulsory requirement of the statute. See 75 Pa.C.S.A. §4902(e).

In addition, the testimony established that defendant had no prior knowledge or notice of his entry upon a restricted highway until he was actually upon that portion of the road which was weight-restricted. The evidence also showed that once the defendant was within the restricted zone, he had no avenue for a turn or retreat.

The relevant portion of the act is as follows:

Erection of Signs—The Commonwealth and local authorities shall erect or cause to be erected and maintained restriction signs designating the restrictions at each end of a bridge or portion of highway restricted as provided in subsections (a) or (b). In the case of a restriction on a bridge or on a

highway which does not begin or end at an intersection with an unrestricted highway, the Commonwealth or local authorities shall also place an advance informational sign at the intersection nearest each end of the restructed bridge or portion of highway which would allow drivers to avoid the restricted bridge or portin of highway. No person shall be convicted of violating subsections (a) or (b) unless the restriction sign designating the restricted bridge or portion of highway to traffic moving in the direction the person was driving was posted as required in this subsection. However, failure to post the restriction sign designating the restricted bridge or portion of highway to traffic moving in the opposite direction or failure to post any advance informational sign shall not constitute a defense to a violation of this section.

The statute here in question, interestingly enough, contains a proviso that in case of a restriction on a highway which does not begin or end at an intersection with an unrestricted highway, advance informational signs shall be placed. They are to be fixed at the intersection nearest each end of the restricted portion of highway which would allow drivers to avoid the restricted portion of roadway.

Obviously, that portion of the statute was included by the Pennsylvania legislature to provide drivers with an opportunity to properly evade traveling on a restricted highway. However, what the Pennsylvania legislature gave with its right hand, it took away with its left. For the statute specifically states that the failure to post advance informainal signs shall not constitute a defense to a violation of the statute.

The issue here is clear: Whether the statutory provision prohibiting operation on highways of vehicles weighing more than a certain amount is un-

constitutional, insofar as it applies to a person unknowingly violating the act. In Bouie v. Columbia, 378 U.S. 347, (1964), the Supreme Court of the United States held that the constitutional requirements of definitiveness is violated by a criminal statute which fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. In that case, two people refused to leave a booth in the restaurant department of a drug store, although requested to do so by the store manager. In that instance petitioners, two negro college students, took seats in a booth in the restaurant department at Eckerd's drug store and waited to be served. After they were seated, an employee of the store put up a chain with a "no trespassing" sign attached. Petitioners were convicted in a South Carolina state court of having violated a statute making it a misdemeanor to enter another's lands after notice from the owner or tenant prohibiting such entry.[1] However, the two students did not receive notice until after they entered the premises. In an opinion by Brennan, J., the court held that the convictions were violative of the due process clause of the Fourteenth Amendment in view of the act that not until after the commission of the crime did the defendants receive notice of the offense.

---

1. Entry on lands of another after notice prohibiting same.—Every entry upon the lands of another where any horse, mule, cow, hog or any other livestock is pastured, or any other lands of another, after notice from the owner or tenant prohibiting such entry, shall be a misdemeanor, and be punished by a fine not to exceed one hundred dollars, or by imprisonment with hard labor on the public works of the county for not exceeding thirty days . . ." § 16-386 of the South Carolina Code of 1952 (1960 Cum Supp), quoting Bouie, supra at p. 897 n.1.

The facts in the instant case are remarkably similar.

Here, not until after the commission of the offense, i.e., while driving his vehicle in the restricted zone, did defendant receive notice of the violation. The South Carolina statute, at least, contained a provision requiring notice. Unfortunately, the Pennsylvania Statute, although providing for a non-compulsory warning sign, does not contain mandatory notice requirement warning the driver of the vehicle that he is about to enter into a restricted area.

This statute has the effect of placing the driver of the vehicle in a trapped zone. In one instant he is performing a lawful act in a lawful manner, viz, driving his vehicle on a public roadway, but a split second later he is doing a lawful act in an unlawful manner; that is, driving his vehicle in a restricted weight zone. Once he finds himself in the restricted maze, he becomes a victim of the inadequacy of the statute. In order to adequately provide for defendant's due process rights which would be sufficient to sustain a conviction there must be a fair warning initially and a subsequent entry into the restricted area. The fact that some of the cases, such as Bouie, supra, are concerned with trespassing onto private property is not a proper distinction in that the end result culminates with the accused being physically located in an area where the law prohibits his presence.[2] And once he finds himself in

---

2. The penalty provision of the statute is set forth in 75 P.S. 4902(g) and states, inter alia, that a person who violates the statute is guilty of a summary offense and upon conviction shall be sentenced to pay a fine of $75. Liberal additional fines are to also assessed according to the weight o the vehicle. See footnote 3 herein.

that area, he becomes completely helpless and subjects himself to the dictates of the police officers who are stationed there.

We recognize the fact that a state may regulate the use of highways for the protection of the roadway itself without violating the requirement of due process, provided such regulation or prohibition is reasonable and has some tendency to accomplish the object in view. Hertz Drivurself Stations, Inc., v. Siggins et al., 359 Pa. 25, 58 A. 2d 464 (1948). See, Farmers-Kissinger Market House Co., Inc. v. Reading et al., 310 Pa. 493, 165 A. 2d 398 (1933). The object to be protected in this instance and by this statute is the highway itself; the purpose of the statute is not to collect fines, which, oddly enough, are substantial in nature.[3] It would appear to this court that by making informational signs mandatory, two results would be achieved; first, the due process rights of fair notice to defendant would be satisfied, and, secondly, the roadways themselves would be better protected in that innocent drivers would not be subjected to become trapped in a caged area of a restricted highway. At least one court has already held that the statutory provisions prohibiting the operation on highways of vehicles weighing more than a certain amount is unconstitutional, insofar as it applies to persons unknowingly violating it as depriving him of a livelihood without due process of law. People v. Vadakin, 125 N.Y.S. 2d 25, 204 Misc. 904 (1953).

This court notes that in passing upon the con-

---

3. Any person convicted of operating a vehicle with a gross weight in excess of a posted weight shall, upon conviction, be sentenced to pay a fine of $150 plus $150 for each 500 pounds, or part thereof, in excess of 3,000 pounds over the maximum allowable weight. See 75 P.S. 4902(g)(i).

stitutionality of a statute, a large discretion must be vested in the state legislaure to determine the interests of the public welfare and the measures necessary to secure that interest. Cooley, Constitutional Limitations, 8th ed., p. 334; F.S. Royster Guano Co. v. Virginia, 253 U.S. 412 (1920). However, the public interest must be in balance with the constitutional rights of the individual. Here, mandatory informational signs would satisfy not only the due process rights of the defendant, but also would not be a cumbersome burden placed upon the shoulders of the Commonwealth.

## ORDER

Now, May 26, 1982, in consideration of the opinion filed herewith, the court hereby sets aside the conviction of the defendant by District Justice Betty Lou Kradel in that section (e) of the Act of June 18, 1980, P.L. 223, is vague and indefinite as applied to this defendant in that it failed to furnish fair warning to the defendant thereby denying to him his due process rights as guaranteed by the Fourteenth Amendment of the Constitution of the United States.