CLARENCE G. CONANT et al., Appellants, v. HAROLD L. BRADLEY, as Administrator of the Estate of WILLIAM C. BRADLEY, Deceased, Respondent.— Appeal from an order of the Supreme Court at a Trial Term for St. Lawrence County, which dismissed the complaint of the plaintiffs herein. It was stipulated between the parties that on July 15, 1950, one of the plaintiffs was operating a vehicle known as a hay baler and more than eight feet in width, upon a public highway. The defendant's automobile collided with the left front of the baler. Plaintiffs' complaint, posed in negligence, was dismissed on the ground that the baler was being operated in violation of subdivision 1 of section 14 of the Vehicle and Traffic Law. The trial court held that this violation constituted contributory negligence as a matter of law. This ruling did not take into consideration at all the issue of causal connection. That was an issue of fact which should have been submitted to a jury (*Martin* v. *Herzog*, 228 N. Y. 164; *Corbett* v. *Scott*, 243 N. Y. 66; *Anderson* v. *Calkins*, 252 App. Div. 836). Order reversed on the law and facts, with $10 costs. Foster, P. J., Heffernan, Brewster, Coon and Halpern, JJ., concur.

■

FRANK J. GIPP, Respondent, v. MABEL MCBAIN, as Administratrix of the Estate of JOHN MCBAIN, Deceased, Appellant, et al., Defendants.— Appeal by the defendant Mabel McBain, as the administratrix of the goods, chattels and credits of John McBain, deceased, from a judgment in favor of plaintiff in the sum of $1,000, and against both defendants entered upon the verdict of a jury after trial in the Albany Trial Term of the Supreme Court, and also, appeal by the same defendant from an order denying a motion for a new trial. The action is one to recover damages for personal injuries arising out of a collision between two horses on the Altamont track. On September 2, 1948, the plaintiff, driving a horse named Grand Abbey with a sulky, entered the Altamont race track through a gate. After walking the horse about 200 feet along the outer railing plaintiff was struck from behind by a horse owned by defendant McBain and driven by defendant Deyo, as a result of which plaintiff sustained personal injuries. It is the contention of defendant Deyo that he was not the employee of the defendant McBain but that he was an independent contractor. The only question in the case is whether or not defendant McBain was liable for the action of the defendant Deyo. That question was properly submitted to the jury and the verdict in plaintiff's favor is supported by the evidence. Judgment and order unanimously affirmed, with costs. Present — Foster, P. J., Heffernan, Brewster, Coon and Halpern, JJ. [See *post*, p. 939.]