RUTH WALDORF, Appellant-Respondent, v. TOLEIN SORBO, Respondent-Appellant, and BRADFORD PECK, Respondent.

PAUL WALDORF, Appellant-Respondent, v. TOLEIN SORBO, Respondent-Appellant, and BRADFORD PECK, Respondent.

Third Department, March 30, 1960.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Ainsworth, Sullivan, Tracy & Knauf* for respondent-appellant.

*Connor, Millman & Connor* (*William E. J. Connor, Morris Millman* and *John G. Connor* of counsel), for Ruth Waldorf and another, appellants-respondents.

*F. E. Lehner* for respondent.

REYNOLDS, J. These actions, by Ruth Waldorf for personal injuries and by Paul Waldorf, her husband, for loss of her services and expenses were brought as a result of an automobile accident which occurred at 10 o'clock on the morning of January 23, 1957 on Church Street in the Village of Copake, Columbia County, New York. The evidence shows that Church Street was a level street at the place where the accident occurred and that it ran in a generally easterly and westerly direction. In this area on the south side of Church Street there are three business establishments in a row — a filling station, an insurance office and a bank. Defendant Sorbo's car was parallel parked in front of the filling station headed in an easterly direction; defendant Peck's car was parallel parked in front of his insurance office also headed in an easterly direction; plaintiff Waldorf's car was parallel parked in front of the bank behind Peck's car, but headed in a westerly direction. Mrs. Waldorf was seated in the front seat of her car waiting for her husband who was in the bank; Peck was working in his office; and Sorbo was having anti-freeze added to his radiator. The garageman told Sorbo to start the engine in order that the fluid might be circulated. Sorbo, instead of getting in his automobile, reached in while standing on the ground, turned

the ignition key and pressed down on the foot starter with his hand. Since the vehicle had been left in reverse gear, it started backing up and came against the bumper of the Peck car after traversing the eight feet separating the two vehicles. It bumped into the front of the Peck car three or four times, finally starting the Peck car in motion backwards. The Peck car collided with the Waldorf car. Whether the Sorbo car was in contact with and pushing the Peck car at the time it collided with the Waldorf car is in dispute. Sorbo, who finally got his brake on and stopped his car, claims it was not. The jury could have found that the Sorbo car was stopped before the Peck car collided with the Waldorf car. It was not a violent crash. There was no damage to either the Peck or Sorbo cars and the Waldorf car suffered a broken taillight. Mrs. Waldorf allegedly received a whiplash injury to her neck, and joined Sorbo and Peck as defendants, claiming that their combined and concurring negligence caused the accident. Sorbo's counsel conceded his negligence in the summation. Peck's negligence was alleged to be his failure to engage his hand brake after parking, a violation of subdivision 3 of section 86 of the Vehicle and Traffic Law which reads: '' The driver of a vehicle shall apply the emergency brakes before leaving same unattended on any public highway.  *  *  * ''.

Peck admitted his failure to comply with this statute. There is some testimony by Peck that the transmission lever in his car was left in '' park '' position which supposedly locks the rear wheels and prevents them from rolling. A garage mechanic, however, testifying as an expert said that had the Peck car been in '' park '' it could not have been pushed in the manner described. This presented a jury question which was without question resolved against Peck. It was not stressed on this appeal and has no importance here.

The court below properly charged the jury that if they found Peck's violation of this statute was a proximate cause of the accident then liability could be found against him (*Conant* v. *Bradley,* 281 App. Div. 732, and *Davis* v. *Gerard,* 266 App. Div. 1021). The jury rendered a verdict against both defendants in the sums of $21,000 for Mrs. Waldorf and $4,000 for her husband.

At the close of all the evidence Peck moved for dismissal of the complaints against him and when the verdict was in he moved to set it aside. The court granted both motions upon the ground that as a matter of law Peck's violation of the statute (Vehicle and Traffic Law, § 86, subd. 3) '' although wrongful, was but a passive inoperative circumstance in the happening

of the accident and not its concurring proximate cause.''
Plaintiff appeals from this determination and Sorbo appeals
claiming the award excessive.

It is our view that the jury could properly find as a matter
of fact on this record that the failure of Peck to set his brakes
was one of the links in the chain of causation which resulted
in injury to the plaintiff. There was adequate basis in the
evidence from which the inference could be drawn that the
repeated blows, mild in nature, of the Sorbo car against the
Peck car, would not have moved the Peck car if the brake had
been set. The jury could also consider the evidence that the
Sorbo car was stopped before the Peck car collided with the
Waldorf car. It would seem that the Legislature enacted the
section involved for similar fact situations as exist here because
it applies to all operators of vehicles whether the car is parked
on the level ground or on a hill. Strengthening this view is
the fact that the Legislature has required additional precau-
tions when the vehicle is on a grade, subdivision 4 of section
86: '' When a vehicle stands on a steep incline it shall be so
parked that when the brakes are released it shall run into the
curb.''

When one considers today's traffic condition, congestion on
the streets and crowded parking conditions and the fact that
at times all operators bump the car ahead or behind them when
they park, it is not difficult for a motor vehicle operator to
foresee that his car may be struck by another vehicle and pushed
backward or forward if he leaves the brakes unset. The opera-
tor need not foresee the exact occurrence or the precise injury
resulting, to become liable (*Palsgraf* v. *Long Is. R. R. Co.,* 248
N. Y. 339; Restatement, Torts, § 435). *Mann* v. *Parshall* (229
App. Div. 366) relied on by defendant Peck is entirely uncontrol-
ling on the facts of this case. In *Mann* it is difficult to conceive a
possible connection between the failure of the owner to set
his brake and the thief making away with his car, because all
the thief had to do was release the brake. One can readily
conceive, however, of a direct connection between the failure
of Peck to set his brakes and the fact that his car was knocked
backwards into the car occupied by the plaintiff.

We find the damages excessive. As stated before, the impact
was not severe, in fact minimal. The alleged '' whiplash ''
injury consisted of muscle spasm and stiffness. There were
no broken bones, no dislocations. No traction was necessary,
no hospitalization was required. Mrs. Waldorf continued work-
ing for several months after the accident and the Thomas
collar was not used until sometime later on the advice of Dr.

Slowick. The claimed wage loss of $5,000 was unconvincing. The husband's special damage was $564.95.

· The order and judgment of the court below setting aside the verdict of the jury as against defendant Peck should be reversed and the verdict of the jury reinstated. Then the judgments in both actions should be reversed on the law and facts and a new trial ordered unless appellant-respondent Ruth Waldorf stipulates to accept $10,000 and the appellant-respondent Paul Waldorf stipulates to accept $2,000 within 10 days after the entry and service of the order to be entered hereon, in which event the judgments are modified accordingly and as so modified affirmed.

BERGAN, P. J. (dissenting). The violation of the statute by defendant Peck in parking his motor vehicle, although disputed by him, must be assumed in view of the jury's finding against him on the general issue. But that violation is not also negligence unless the act constituting the violation was itself a cause of the accident. The failure of Peck to put on his brakes did not cause the accident; it did not help to bring it about. Peck's car did not run away because its brakes were not on. It was parked on level ground; its motor was stopped. Nothing that Peck did or failed to do about the brakes is shown to have caused the accident.

Unless it can be held as a matter of law that Peck had some obligation to stop Sorbo's car in negligent transit and to prevent Sorbo's negligent management of his vehicle from injuring Ruth Waldorf, no liability has been brought home to Peck by his statutory violation.

Peck owed no duty whatever to plaintiff Waldorf to break the force of momentum of Sorbo's car; and the only effect of the absence of brake application was the failure to break that momentum. To become negligence the act of statutory violation itself must play some causative part in the dynamics of the accident. The court at Trial Term was right and this part of the judgment should be affirmed.

COON and HERLIHY JJ., concur with REYNOLDS, J.; BERGAN, P. J., and GIBSON, J., dissent and vote to affirm the order and judgment in favor of defendant Peck in a memorandum by BERGAN, P. J., in which GIBSON, J., concurs.

In the actions against defendant Sorbo the judgments are reversed on the law and the facts as excessive, with costs to the defendant-appellant to abide the event and a new trial ordered unless plaintiff Ruth Waldorf stipulates to accept $10,000 in damages and unless plaintiff Paul Waldorf accepts

$2,000 in damages and such stipulations are filed within 10 days of notice of entry of the order herein, in which event the judgments as thus modified are affirmed, without costs.

In the actions against defendant Peck the order and judgment are reversed on the law and the facts, the motion to dismiss the complaint denied, but the verdict as returned is determined to be excessive and a new trial ordered, with costs to plaintiffs to abide the event; unless plaintiff Ruth Waldorf stipulates to accept $10,000 in damages and unless plaintiff Paul Waldorf accept $2,000 in damages and such stipulations are filed within 10 days of notice of entry of the order herein, in which event the verdict as thus reduced is reinstated and judgment directed in such reduced amounts, with costs to plaintiffs.