ARTHUR COPP, JR., an Infant, by His Guardian ad Litem, LILLIAN COPP, et al., Appellants, v. ALMA D. BOWSER, Respondent, et al., Defendants.

FREDERICK A. CORNELL, Respondent, v. ALMA D. BOWSER, Appellant.

Third Department, December 1, 1964.

106

*Dann, Cochran & Nachsin* (*D. Edwin Lyons* of counsel), for Arthur Copp, Jr., and another, appellants.

*Kramer, Wales & Robinson* (*Richard S. Ringwood* of counsel), for Alma D. Bowser, appellant and respondent.

*Coughlin, Dermody, Ingalls & Guy* (*George G. Coughlin* of counsel), for Frederick A. Cornell, respondent.

HAMM, J. These two actions arise out of an accident which occurred on a public street in the City of Binghamton. A Chevrolet bakery truck owned by Stroehmann Brothers Co. and in the charge of their employee, Frederick A. Cornell, was parked on the north side of the street facing west a few inches from the curb. Alma D. Bowser was operating a Plymouth automobile in an easterly direction. Her car veered to the left, went into and across the lane of traffic proceeding in the opposite direction so that the front of her automobile came into contact with the front of the parked truck on the opposite side of the street. Arthur Copp, Jr., an infant of approximately six years of age at the time of the accident, was apparently standing some distance from the rear of the truck. Frederick A. Cornell was also standing to the rear of the truck placing in

a box items which he had removed from the truck for manual delivery. As a result of the collision the truck was driven backward and came into contact with the infant and also with Cornell.

In the first action Arthur Copp, Jr., the injured infant plaintiff and his mother, suing derivatively, sought damages against Alma D. Bowser, Stroehmann Brothers Co. and the latter's employee, Frederick A. Cornell. In the second action Cornell sued Alma D. Bowser. At the close of all of the testimony the court granted in the first action a renewed motion for judgment as a matter of law in favor of the defendants Stroehmann Brothers Co. and Frederick A. Cornell. Both actions were then submitted to the jury with Alma D. Bowser as the sole defendant in each of the two actions. The jury in the first action returned a verdict in favor of the plaintiffs Copp against the defendant Bowser; in the second action the jury returned a verdict in favor of the plaintiff Cornell against the defendant Bowser. The plaintiffs Copp appeal from the order and judgment granting the motions of the defendants Stroehmann Bros. Co. and Cornell to dismiss the complaint, which order and judgment were entered in the Broome County Clerk's office but omitted from the record. The defendant Bowser appeals from the judgment in favor of Cornell and from the order which denied her motion to set aside the verdict in favor of Cornell and which granted a new trial in favor of the plaintiffs Copp "unless [the] parties stipulate in accordance with the amounts set forth in said Order."

When the court granted the motion excluding Stroehmann Brothers Co. and Cornell from the first action there was involved subdivision (a) of section 1210 of the Vehicle and Traffic Law, which in pertinent part provided: "No person driving or in charge of a motor vehicle shall permit it to stand unattended without first * * * effectively setting the brake thereon". The defendant Cornell was unable to remember whether he had set the emergency brake but he did recall that he had left the car in the lowest gear. There was evidence from which the jury could have found that the speed of the Plymouth automobile when it came in contact with the Chevrolet truck was 20 miles per hour, that the damage to both the Plymouth automobile and the Chevrolet truck was substantial, that the Plymouth automobile stopped at the point of impact, that the truck rolled back a measured distance of 36 feet and that there was no tire mark of any kind that indicated the path of the truck as it moved backward.

The test is whether the trial court could find "that by no rational process could the trier of the facts base a finding in favor of the [party moved against] upon the evidence \* \* \* presented." (*Blum* v. *Fresh Grown Preserve Corp.,* 292 N. Y. 241, 245.) We think it should have been left to the jury to determine whether the defendant Cornell failed to set the brake and, if so, whether such negligence proximately contributed to cause the accident (*Waldorf* v. *Sorbo,* 10 A D 2d 226, affd. 9 N Y 2d 703). It can hardly be said as a matter of law that it was not foreseeable that another vehicle would come into contact with the defendants' automobile truck and the precise manner in which the contact might occur is not an essential element of foreseeability. In *Markel* v. *Spencer* (5 A D 2d 400, 407) in a different context, Justice HALPERN had occasion to comment on general well-recognized principles of circumstantial evidence in civil cases, saying: "Circumstantial evidence has been defined as 'Evidence of some collateral fact, from which, either alone, or with other collateral facts, the existence or nonexistence of a fact in question may be inferred as a probable consequence' (Richardson on Evidence [8th ed.], § 149, p. 122). (See, also, 1 Wigmore on Evidence [3d ed.], § 25, p. 398; § 38, p. 428.) Of course, if the probabilities are evenly balanced, no inference adverse to the defendant may be drawn; to do so would be to indulge in speculation (*Galbraith* v. *Busch,* 267 N. Y. 230, 235). 'What is required is evidence from which reasonable men may conclude that, upon the whole, it [was] more likely that there was negligence than that there was not' (Prosser on Torts [2d ed.], § 42, p. 200)." Cornell testified that the truck was left in gear and produced evidence that the cluster gear after the accident was in a broken condition. The jury, from the distance the truck travelled after *impact* and from the attendant circumstances, could have found it more likely than not that the brake was not set and that the possibility that the brake was set was remote and an unreasonable hypothesis. As the plaintiffs Copp made out a prima facie case, they are entitled to a new trial against all three defendants.

We now consider the second action. Although in the first action the court granted the motion of the defendants Cornell and his employer for judgment in their favor on the ground that a violation of subdivision (a) of section 1210 of the Vehicle and Traffic Law was, as a matter of law, not negligence proximately contributing to cause the accident, nevertheless in the second action the court in charging the jury referred to the statute and submitted to the jury the issues of contributory negligence and

proximate causation if the jury found a violation. The jurors knew when both actions were submitted to them that Cornell, the plaintiff in the second action, was no longer a defendant in the first action. So it seems to us that the Judge's charge on the issue of Cornell's alleged negligence in failing to set his brake was of slight avail. As the issues of Cornell's negligence as defendant in the first action and its proximate causation must now be evaluated, we think that in the second action these issues should be revalued free of any impression the jurors may have gained from the ruling of the court in the first action. Moreover, to permit Cornell to retain his verdict in the second action with the possibility that a verdict might be rendered against him in the first case would place the two cases out of proper perspective. In the interest of justice the second case with Cornell as plaintiff should be revalued by the same jury which will pass upon the case against Cornell as defendant (cf. *Robinson* v. *Terminal Frgt. Transp.*, 2 A D 2d 510).

The judgments and orders should be reversed on the law and the facts and in the interest of justice, and a new trial ordered, with costs to abide the event.

HERLIHY, J. (dissenting). In my opinion, on the law and the facts and in the interest of justice, the verdicts of the jury should be affirmed.

The majority are reversing on the ground that the nonsuit in favor of the defendant Cornell was error, apparently reasoning that the violation of the statute (Vehicle and Traffic Law, § 1210, subd. [a]) was or should have been foreseeable as likely to cause or contribute to the happening of an accident.

There is no direct proof, in this record, of any violation of the statute and the evidence does not permit any reasonable inference thereof but assuming *arguendo* that an inference could be deduced, such negligence would not be causally related to the happening of the accident. The glaring and gross negligence of the defendant Bowser was solely responsible for the happening of this accident. The trial court in dismissing stated: " But on the question of the violation of a statute being or constituting negligence — the violation of a statute doesn't constitute negligence. The violation of a statute or an ordinance has to be a proximate cause of the injury which results " and cited *Boronkay* v. *Robinson & Carpenter* (247 N. Y. 365, 368). In granting the motion, the court said: " [T]he failure to put it [brake] on would be merely a remote, at most, proximate cause of the accident, and for that reason, I am going to grant the motion ".

The factual situation is such that the doctrine of foreseeability is not readily applicable and is in marked contrast to *Waldorf* v. *Sorbo* (10 A D 2d 226, affd. 9 N Y 2d 703).

To have submitted the case of Cornell as a defendant to the jury might have caused unnecessary confusion and if a verdict had been returned against Cornell, on the present record, it would have been set aside as a matter of law. (CPLR 4401, formerly Civ. Prac. Act, § 457-a, subd. 1.)

In *Blum* v. *Fresh Grown Preserve Corp.* (292 N. Y. 241, 245-246) the court stated: " This court has frequently pointed out that ' insufficient evidence is, in the eye of the law, no evidence.' In *Matter of Case* [214 N. Y. 199, 204], opinion by CARDOZO, J., it reiterated that rule and added: ' In the words of MAULE, J., in *Jewell* v. *Parr* (13 C. B. 916), " When we say that there is no evidence to go to a jury, we do not mean that there is literally none, but that there is none that ought reasonably to satisfy a jury that the fact sought to be proved is established." ' "

In my opinion, the dismissal of the complaint in the Cornell action was proper and the over-all verdicts as returned by the jury are fair and in accordance with the evidence.

I would modify the order of Judge McAvoy by reinstating the verdicts of the jury and thus give control of the final decision to the plaintiffs.

We have here a situation where the amount of the mother's award is too high and part of it should be encompassed in the infant's judgment.

Accordingly, the order appealed from should be reversed on the law and the facts and a new trial granted unless the plaintiff Lillian Copp, within 10 days after the notice of entry of the order of this court, stipulates that on payment of the judgment in her action, the sum of $2,000 thereof will be deposited for the benefit of the infant, subject to withdrawal only on order of the court, and on the filing of such stipulation, the order in the Copp action and the judgment in the Cornell action should be affirmed, with costs. (See *Stiles* v. *Caddick*, 11 A D 2d 889, 890.)

GIBSON, P. J., TAYLOR and AULISI, JJ., concur with HAMM, J; HERLIHY, J., dissents, and votes to affirm, in a memorandum.

Judgments and orders reversed, on the law and the facts and in the interest of justice, and a new trial ordered, with costs to abide the event.